UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL DAVIS,
    *Plaintiff*,

v.

DR. CHARLES WILLIAMS, *et al.*,
    *Defendants*.

No. 3:16-cv-01981 (JAM)

**ORDER GRANTING MOTION TO DISMISS**

Plaintiff Michael Davis is a prisoner of the Connecticut Department of Correction. He has filed this lawsuit against two correction officers claiming a violation of his constitutional rights. Defendants have now moved to dismiss the complaint for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

Although most frequently raised on a motion for summary judgment, the defense of failure to exhaust administrative remedies may be addressed on a motion to dismiss if the complaint and documents of which judicial notice may be taken conclusively show that a claim was not properly and timely exhausted. *See, e.g.*, *Yeldon v. Ekpe*, 159 F. App'x 314, 316 (2d Cir. 2015). As a matter of course, the Court must construe the allegations of a *pro se* complaint in the light most favorable to the plaintiff. *Id.* at 315.

The Connecticut Department of Correction has well-established administrative remedy procedures. *See Riles v. Buchanan*, 656 F. App'x 577, 579–80 (2d Cir. 2016) (describing in detail these requirements). The complaint alleges that plaintiff's Level 1 grievance was denied on September 27, 2016, and that plaintiff did not file a Level 2 appeal of this denial until October 7, 2016. Doc. #1 at 5–6. Defendants contend on this basis that the Level 2 appeal was not timely filed within the required five days from denial of his Level 1 grievance. Doc. #17-1 at 9; *see also*

*Riles*, 656 F. App'x at 580 ("An inmate may appeal a Level 1 disposition to Level 2 within five days of receipt of the decision."). Plaintiff's response to the motion to dismiss does nothing to refute defendants' claim that his Level 2 appeal was not timely filed.

It is true that a prisoner's failure to timely avail himself of a grievance appeal may be excused if the institution decides to overlook the lack of timeliness and considers the merits of the appeal. *See, e.g.*, *Morales v. Dzurenda*, 2009 WL 8695525, at *3 (D. Conn. 2009), *aff'd*, 383 F. App'x 28 (2d Cir. 2010). But plaintiff makes no claim in his reply to the motion to dismiss that his Level 2 appeal was considered on the merits. Moreover, the complaint itself alleges that the Level 2 appeal was denied "for some technical reason or another," before plaintiff "resent" another Level 2 grievance eleven days later. Doc. #1 at 6–7. These allegations are inconsistent with a conclusion that the Level 2 appeal was considered on its merits.

Accordingly, the Court GRANTS the motion to dismiss (Doc. #17) for failure to timely exhaust administrative remedies as required by the PLRA. If plaintiff believes that the Court has based its decision on any misunderstanding of the facts or law, plaintiff may promptly file a motion for reconsideration within 14 days of this decision by March 2, 2018. The Clerk of Court shall close this case.

Dated at New Haven this 16th day of February 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge