# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL DAVIS,<br>*Plaintiff*, | |
| v. | No. 3:16-cv-01981 (JAM) |
| DR. CHARLES WILLIAMS, *et al.*,<br>*Defendants*. | |

## RULING DENYING MOTION FOR RECONSIDERATION

Plaintiff Michael Davis is a prisoner of the State of Connecticut at Osborn Correctional Institution. He filed this action against two prison officials—Dr. Charles Williams, the prison's religious facilitator, and Correctional Officer Hutton. He asserts claims pursuant to 42 U.S.C. § 1983 for violation of his right to free exercise of his religion and for denial of due process. In accordance with 28 U.S.C. § 1915A, I conducted an initial review of Davis's claims and permitted them to proceed. Doc. #7; *Davis v. Williams*, 2017 WL 507213 (D. Conn. 2017).

The defendants thereafter moved to dismiss on the ground that Davis had failed to exhaust his administrative remedies before commencing this action. *See Woodford v. Ngo*, 548 U.S. 81 (2006) (explaining mandate of Prison Litigation Reform Act for proper exhaustion of administrative remedies).

On February 16, 2018, I granted defendants' motion, concluding from a somewhat scanty record that Davis had exceeded the five-day limitation period for filing a Level 2 grievance to appeal the denial of his Level 1 grievance. Doc. #19 at 1-2. Nevertheless, because of my uncertainty about the completeness of the record, I granted leave for Davis to file a motion for reconsideration if he believed my ruling was based on a misunderstanding of the facts or law. *Id.* at 2.

Davis followed up with a motion for reconsideration, alleging facts that would arguably suggest—contrary to my earlier ruling—that he had timely filed his Level 2 grievance. Doc. #21 at 2. Although I will assume for present purposes that Davis is correct about this, I still conclude for reasons detailed below that Davis did not properly and timely exhaust his administrative remedies.

In order to explain why I reach this conclusion, it is important to understand the basic framework of the DOC's rules for the resolution of grievances. The DOC's inmate grievance procedure is set forth at length in DOC Administrative Directive 9.6. *See Riles v. Buchanan*, 656 F. App'x 577, 579-80 (2d Cir. 2016) (describing requirements of AD 9.6).[1] The process contemplates at least three stages of review for an inmate who wishes to seek a remedy for mistreatment or adverse conditions at a prison.

The first stage is informal resolution. An inmate may attempt to verbally resolve the issue with an appropriate staff member or supervisor. *See* AD 9.6(6)(A). If verbal attempts to resolve the matter are not effective, the inmate must submit a written request for resolution on a form referred to as an Inmate Request form (CN 9601). *Ibid.* A prison official—usually the staff member most involved—must respond to this Inmate Request form within 15 business days. *Ibid.*

The second stage is for the inmate to file a formal grievance. To do this, the inmate must submit a Level 1 grievance on a form referred to as an Inmate Administrative Remedy form (CN 9602). *See id.* at 9.6(6)(C). Most significantly for purposes of this ruling, the Level 1 grievance must be filed not later than 30 calendar days from the date of the occurrence or discovery of the cause of the grievance, and it must also include a copy of the staff response to the Inmate

---

[1] The DOC's administrative directives are available at https://portal.ct.gov/DOC/AD/AD-Chapter-9.

Request form or explain why the response is not attached. *See id.* The Unit Administrator in turn must issue a written response to a Level 1 grievance within 30 business days. *See id.* at 9.6(6)(I).

A Level 1 grievance may be returned to the inmate without disposition on its merits if the inmate has failed in the first instance to avail himself of the informal resolution process or if the inmate fails without adequate explanation to attach the Inmate Request form along with the staff response. *See id.* at 9.6(6)(E). The rejection of a Level 1 grievance for this reason is done on a form referred to as a Grievance Returned Without Disposition form (CN 9606). *Ibid.*

The third stage of the grievance process is the filing of a Level 2 grievance to the District Administrator. The inmate must file any Level 2 grievance within just five calendar days of receiving an adverse decision on a Level 1 grievance. *See id.* at 9.6(6)(K). Alternatively, if the inmate has not received a response to a Level 1 grievance within 30 business days, then he may go ahead and file a Level 2 grievance. *See id.* at 9.6(6)(I).[2]

The incident at issue in this case occurred on August 18, 2016. On that same day, Davis decided to file a Level 1 grievance. This was plainly improper because he had not yet exhausted the oral and written informal resolution process. Davis knew or should have known this, because the Administrative Remedy form (CN 9602) that Davis filled out clearly advised him at the top of the form next to a box labeled "I am filing a Grievance," which he checked, of the necessity that he must first exhaust informal resolution procedures and also that any grievance must be filed within 30 days of the incident at issue:

> Prior to filing a grievance, you must attempt informal resolution. Attach a copy of CN 9601, Inmate Request Form with the staff member's response OR state in Section 4 the reason why the form is not attached. Grievances must be filed within 30 days of the occurrence or discovery of the cause of grievance.

---

[2] AD 9.6 also provides for a Level 3 grievance to the Commissioner of the Department of Correction in limited circumstances where there is a challenge to departmental policy, the integrity of the grievance procedure, or the failure to receive a timely response to the Level 2 grievance. *See id.* at 9.6(6)(L).

Doc. #21 at 7.

Davis did nothing to explain on the grievance form why he had failed to exhaust the informal resolution process except to state: "No CN 9601 obtained." Doc. #21 at 6. Not surprisingly, a prison administrator returned Davis's grievance to him because he had ignored the clear instructions to first attempt an informal resolution. Doc. #21 at 5.

Although the DOC's response to the grievance is dated August 29, 2016, Davis insists that he did not actually receive the response until nearly a month later on September 27, 2016. Doc. #21 at 1, 5. In the meantime, the 30-day period for Davis to have filed a grievance expired on September 17, 2016—30 days after the incident of August 18, 2016.

Upon allegedly receiving the late response to his first grievance, Davis immediately filed on the same day of September 27, 2016, yet another Level 1 grievance. Doc. #21 at 3. Again, however, he failed to submit with it a CN 9601 Inmate Request Form to show that he had ever made a written request for informal resolution and to show what the staff response was to this request. Instead of attaching this required form, he offered the following explanation for his failure to do so and for why he had waited beyond the 30-day period for filing a grievance:

> On 8-18-2016, I received notice that my name has been removed from all religious services, which means I am being denied my right to attend services without any due process. Maybe I did not make myself clear, so I am going to write it out for you; no CN 9601 obtained, this writer spoke with several chaplains here at the facility about situation and was told they would look into it. Also, this writer spoke with Captain/Unit Manager Colon and was instructed to submit a formal request CN 9601, which I did to Reverend Williams and <u>received no response</u> in 15 business days. Furthermore, the administrative remedy process took more than 30 business days to respond to my complaint and failed to respond to my formal request CN 9601 for clarification on why the process was taking so long. I did not receive notice that my grievance (Administrative Remedy – CN 9602) was being returned without disposition CN 9606 until today 9-27-2016 clearly 30 days and more later than the date 08-18-2016.

Doc. #21 at 3 (capitalization normalized and spelling corrected).

4

This second Level 1 grievance was rejected on October 5, 2016. The DOC response explained that "[g]rievances must be filed within 30 days of the occurrence of the cause of the grievance" and that "[y]ou had knowledge of the alleged circumstances going back to August 18, 2016 when it was Returned without Disposition (on 8/29/16) but chose to submit your grievance again on September 27, 2016 well over the allotted 30 days." Doc. #21 at 3.

Although Davis claims (and defendants dispute) that he went on to file a Level 2 grievance, the particulars of any Level 2 grievance filings that Davis may have filed are not material to my conclusion in this ruling that Davis failed to exhaust his administrative remedies. What is clear from the record is that Davis did not file any proper Level 1 grievance within 30 days of the incident on August 18, 2016, that gave rise to his grievance. The first grievance that he filed on August 18, 2016, was indeed timely but manifestly deficient for failure to exhaust the informal resolution process. Davis clearly knew that. The second grievance that he filed on September 27, 2016, was well more than 30 days after August 18, 2016. Davis clearly knew that as well.

Even if it is true as Davis claims that he submitted an Inmate Request form to Reverend Williams and did not receive a timely response within the required 15 days, this did not excuse Davis from filing his grievance within 30 days of the underlying incident as plainly required by the Administrative Directive. *See Wilson v. McKenna*, 661 F. App'x 750, 753 (2d Cir. 2016) (affirming dismissal of Connecticut inmate's court claim for failure to file timely Level 1 grievance); *Riles*, 656 F. App'x at 580 (inmate failed to timely exhaust remedies and his "attempt to restart the grievance process some weeks later was itself improper because it was filed months after the thirty-day period set forth in Administrative Directive 9.6 § 6.C").

## CONCLUSION

Plaintiff Michael Davis's motion for reconsideration (Doc. #21) is DENIED.

It is so ordered.

Dated at New Haven this 4th day of March 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge